UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES and STATE OF INDIANA | ) | |
| ex rel. JUDITH ROBINSON, | ) | |
| | ) | |
| Plaintiffs/Relator, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-2009-TWP-MJD |
| | ) | |
| INDIANA UNIVERSITY HEALTH, INC., | ) | |
| f/k/a CLARIAN HEALTH PARTNERS, INC., | ) | |
| HEALTHNET, INC., and MDWISE, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>HEALTHNET, INC.'S BRIEF IN SUPPORT OF<br>MOTION TO DISMISS AMENDED COMPLAINT</u>

Defendant HealthNet, Inc. ("HealthNet"), by counsel and pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), hereby files its Brief in Support of Motion to Dismiss the Amended Complaint filed by Plaintiff/Relator Judith Robinson ("Relator"). For the purposes of efficiency and judicial economy, HealthNet expressly incorporates by reference the Memorandum of Law In Support Motion to Dismiss ("Memorandum"), filed contemporaneously herewith by Indiana University Health, Inc. f/k/a Clarian Health Partners, Inc. ("IU Health"). (Doc. 97). Except in the few instances identified herein, HealthNet can simply be included in references to IU Health in the Memorandum. The arguments, logic, and authorities articulated by IU Health establish that all claims asserted against HealthNet also should be dismissed.

All of Relator's claims against HealthNet should be dismissed because Relator fails to plead her claims with the requisite particularity pursuant to Rule 9(b). Relator's certification theories additionally fail to plead that HealthNet made a false certification to the government.

Further, Relator fails to allege that HealthNet certified nurse midwives ("CNMs") operated outside the scope of their licensure.[1]  Relator's conspiracy claims fail because Relator fails to plead the existence of an agreement between two or more defendants, let alone the particulars of the conspiracy agreement.[2]

Relator's Anti-Kickback-based claims should be dismissed not only because Relator fails to plead them with the required particularity, but also because the kickbacks which Relator has alleged fall under the safe harbor provisions of the federal Anti-Kickback Statute.  Further, all Anti-Kickback -based claims prior to March 23, 2010 must be dismissed because Relator fails to allege that HealthNet expressly certified compliance with the Anti-Kickback Statutes or that it submitted claims resulting from a violation of the Anti-Kickback Statutes.  Indiana's Anti-Kickback Statute, which does not have the safe harbor, is preempted by the federal Anti-Kickback Statute.

Next, Relator's claims under the federal False Claims Act ("FCA") and Indiana's False Claims Act ("IFCA") are partially time barred.  A six-year statute of limitations precludes all claims for alleged violations which occurred prior to December 19, 2007.  In addition, Relator's IFCA claims based upon Medicaid claims submitted after June 30, 2014 are precluded as a result of recent amendments to the IFCA.

Finally, Relator's retaliation claims must be dismissed because of her failure to plead these claims with particularity.  In addition, Relator has not alleged that she engaged in protected

---

[1]  IU Health's arguments in Section I(B)(2)(b) of the Memorandum regarding Federally Qualified Health Center ("FQHC") payments do not apply to HealthNet because Relator has identified HealthNet as an FQHC.  However, the other arguments raised herein and in IU Health's Memorandum still require the dismissal of Relator's false certification claims relating receipt of FQHC payments.  Furthermore, IU Health's arguments in Section I(B)(2)(c) of the Memorandum relating to DSH payments do not apply to HealthNet because Relator's arguments regarding these payments are directed solely to IU Health.  (Am. Compl., ¶¶ 117, 123).
[2]  IU Health's arguments in Section I(C)(2) of the Memorandum regarding the intracorporate conspiracy doctrine between IU Health and MDwise do not apply to HealthNet.

activity in furtherance of a FCA action; that HealthNet had knowledge of this protected activity; or that her discharge was motivated by the protected activity. As HealthNet will explain further herein, Relator's IFCA claims against HealthNet also fail because HealthNet was not her employer.

In addition to the reasons supporting dismissal summarized above and fully set forth in the Memorandum, HealthNet is submitting this separate brief to address the minor pleading differences in Relator's Amended Complaint between HealthNet and IU Health and to discuss an additional reason to dismiss Relator's IFCA retaliation claim against HealthNet.

I. **The Few Allegations In Relator's Amended Complaint That Are Unique To HealthNet Do Not Change The Result That All Claims Against HealthNet Should Be Dismissed.**

As IU Health indicates in its Memorandum, Relator impermissibly "lumped" HealthNet with the other Defendants throughout the Amended Complaint. *United States Ex rel. Dolan v. Long Grove Manor, Inc.*, No. 10 C 368, 2014 WL 3583980, at *4 (N.D. Ill. July 18, 2014); *United States v. Sanford-Brown, Ltd.*, No. 14-2506, 2015 WL 3541422, at *7 (7th Cir. June 8, 2015). Conversely, Counts VII or VIII address solely IU Health and MDwise's alleged failure to identify and reject claims for service. HealthNet is not named in Counts VII or VIII and, therefore, any related arguments included in IU Health's Memorandum are not applicable to HealthNet. However, there are a few counts and allegations in the Amended Complaint that are unique to HealthNet and are addressed below. None of these allegations are sufficient to state a viable claim against HealthNet.

Relator's Amended Complaint includes a section titled "Nonphysicians are used to treat high-risk obstetric patients in HealthNet clinics." (Doc. 38 ("Am. Compl."), ¶¶ 55-65). Relator alleges that the use of CNMs to treat high-risk patients at HealthNet clinics violates the

provisions of the Medicaid Indiana Health Coverage Programs Provider Manual. The allegations in this section are similar to the arguments raised in the following section titled "Nonphysicians are used to treat high-risk obstetric patients in Methodist Hospital" (Am. Compl., ¶¶ 66-77), which IU Health has addressed in the Memorandum. (IU Health Memorandum, pp. 9-10).

Similar to the other parts of the Amended Complaint, the allegations regarding treatment of high-risk patients at HealthNet clinics are fatally deficient due to lack of particularity. The allegations are filled with conclusory statements, such as "CNMs . . . knowingly and intentionally fail to notify or consult with physicians . . . ." (Am. Compl., ¶ 57). These conclusory statements are not even sufficient under *Iqbal*'s Rule 12(b)(6) requirements, much less the heightened Rule (b) pleading requirements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009); Fed. R. Civ. P. 9(b). Relator also includes general qualifiers such as "typically" and statements such as "[u]pon information and belief" to describe HealthNet's alleged conduct. (Am. Compl., ¶¶ 58, 64).

Relator's allegations fail to include "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated." *U.S. ex rel. Grenadyor v. Ukrainian Vill. Pharmacy, Inc.*, 772 F.3d 1102, 1106 (7th Cir. 2014). Even the two "examples" that Relator provides regarding HealthNet's allegedly improper conduct are fatally deficient. (Am. Compl., ¶¶ 63, 65). Among other reasons, Relator has failed to identify any specific false claim that HealthNet allegedly submitted. "[B]ecause it is the claim for payment that is actionable under the Act, not the underlying fraudulent or improper conduct," "[a]ctual claims must be specifically identified" in an FCA relator's complaint. *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, No. 1:03-CV-0680SEBWTL, 2007 WL 4557773, at *5 (S.D. Ind. Dec. 20, 2007); *see also*

*United States v. Reid Hosp. & Health Care Servs., Inc.*, No. 1:10-CV-0526-JMS-TAB, 2012 WL 3949532, at *2 (S.D. Ind. Sept. 10, 2012) (holding that a Relator is required to identify "specific fraudulent transactions" for each type of alleged fraud). Accordingly, Relator's claims must be dismissed.

In addition, Relator has included a section titled "HealthNet submits for FQHC payments when the provider did not conduct a face-to-face encounter with the patient" and has raised two unique Counts (V and VI) against HealthNet relating to these encounters. (Am. Compl., ¶¶ 90-97, 136-46). Relator alleges that HealthNet "developed a system" whereby nonphysicians would conduct ultrasounds, which would later be reviewed by physicians without having face-to-face encounters with the patients. (Am. Compl., ¶¶ 91-92). Relator further alleges that nonphysicians administered birth control injections and submitted bills without a face-to-face encounter with a physician. (Am. Compl., ¶ 95). Relator alleges that HealthNet, as an FQHC, violated a federal regulation and a 2011 Policy Report by seeking reimbursement for these types of encounters. (Am. Compl., ¶¶ 45, 97).

Again, Relator's claims are deficient. She wholly fails to provide the "who, what, when, where and how" of the alleged fraud. *U.S. ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 605 (7th Cir. 2005). Relator fails to provide a single example of allegedly improper claims submitted to the government. This lack of particularity demonstrates that Relator has failed to satisfy her Rule 9(b) obligations, and therefore, these and all other claims against HealthNet should be dismissed. *U.S. ex rel. Fowler v. Caremark RX, L.L.C.*, 496 F.3d 730, 741-42 (7th Cir. 2007) (affirming dismissal of FCA claim on Rule 9(b) grounds), *overruled on other grounds by Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907 (7th Cir. 2009).

## II. Count X Of Relator's Amended Complaint For Retaliation Under The Indiana False Claims Act Against HealthNet Should Be Dismissed For The Additional Reason That HealthNet Was Not Relator's Employer.

IU Health's Memorandum provides a multitude of reasons why Relator's IFCA retaliation claims against HealthNet should be dismissed. Additionally, these claims should be dismissed because Relator was not an employee of HealthNet. The IFCA provides that "[a]n *employee* who has been discharged, demoted, suspended, threatened, harassed, or otherwise discriminated against in the terms and conditions of employment by the employee's employer because the employee [engaged in protected activity] . . . is entitled to relief necessary to make the employee whole." Ind. Code Ann. § 5-11-5.5-8(a)[3] (emphasis added). The IFCA does not define the term "employer" as it is used in Ind. Code Ann. § 5-11-5.5-8(a). In the absence of explicit statute language to the contrary, this Court should infer that the Indiana General Assembly intended the word "employer" to have its "ordinary, common law meaning." *See, e.g.,* *U.S. ex rel. Siewick v. Jamieson Sci. & Eng'g, Inc.*, 322 F.3d 738, 740 (D.C. Cir. 2003) (interpreting word "employer" as used in prior version of 31 U.S.C.A. § 3730(h)); *see also Black v. Employee Solutions, Inc.*, 725 N.E.2d 138, 141 (Ind. Ct. App. 2000) (noting that "the term employer is a term of art with a distinct meaning at common law").

Accepting the allegations in the Amended Complaint as true, Relator admits that "in 2005, [Relator] signed an employment contract with Clarian Health Partner, Inc., which is the

---

[3] As originally enacted, the federal FCA's anti-retaliation provision provided that "[a]ny *employee* who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of his employment by his or her employer because of [protected activity] shall be entitled to all relief necessary to make the employee whole." 31 U.S.C.A. § 3730(h) (emphasis added); False Claim Amendments Act, PL 99–562 (S 1562), PL 99–562, October 27, 1986, 100 Stat 3153 (emphasis added). Congress amended the FCA in 2009 to expand the scope of 31 U.S.C.A. § 3730(h) to include "[a]ny *employee, contractor, or agent*." Fraud Enforcement and Recovery Act of 2009, FRAUD ENFORCEMENT AND RECOVERY ACT OF 2009 (FERA), PL 111-21, May 20, 2009, 123 Stat 1617 (emphasis added). However, the Indiana General Assembly has not similarly modified the IFCA's anti-retaliation provision to track the language of the federal FCA. HealthNet reserves the right to challenge whether Relator fell within the scope of the federal FCA's anti-retaliation provision as amended.

former corporate name of IU Health, Inc." (Am. Compl., ¶ 21; *see also* ¶ 23 (referring to Relator's "initial contract with Clarian/IU Health")). The Amended Complaint further asserts that "[a]t all times from 2005 until her termination in 2013, [Relator] received her W-2 from IU Health (f/k/a Clarian Health Partners, Inc.) and was eligible to participate in IU Health's group health insurance plan, disability insurance plan, and qualified retirement plan." (Am. Compl., ¶ 13). Relator further alleges that IU Health ultimately released her from her employment contract. (Am. Compl., ¶ 114). Accordingly, there can be no doubt from the allegations in the Amended Complaint that Relator was an employee of IU Health, not HealthNet.

Since Relator was not an employee of HealthNet, HealthNet cannot, as a matter of law, be liable as an employer for retaliation under the IFCA. Therefore, Relator's retaliation claim against HealthNet under the IFCA should be dismissed for failure to state a claim upon which relief can be granted.

### III. Conclusion.

For the reasons stated herein and in the Memorandum in Support of Motion to Dismiss filed by IU Health, HealthNet respectfully requests that the Court enter an order dismissing with prejudice all claims against HealthNet and granting such further relief the Court deems necessary and appropriate.

Respectfully submitted,

/s/ Lauren C. Sorrell
Deborah J. Daniels, Attorney No. 4378-49
Marc T. Quigley, Attorney No. 21054-53
Lauren C. Sorrell, Attorney No. 30895-49
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, IN 46204-2079
Telephone: (317) 636-4341
Fax: (317) 636-1507
ddaniels@kdlegal.com
mquigley@kdlegal.com
lsorrell@kdlegal.com

*Attorneys for Defendant HealthNet, Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed electronically on this 15th day of June, 2015. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David A. Temple
Janet A. McSharar
Marc A. W. Stearns
DREWRY SIMMONS VORNEHM, LLP
dtemple@drewrysimmons.com
jmcsharar@DSVlaw.com
mstearns@dsvlaw.com

Robert E. Saint
EMSWILLER WILLIAMS NOLAND & CLARKE
rsaint@ewnc-law.com

Laura A. Hartnett
Heather M. O'Shea
Stephen G. Sozio
JONES DAY
lhartnett@jonesday.com
hoshea@jonesday.com
sgsozio@jonesday.com

Christopher C. Casper
Jillian L. Estes
JAMES, HOYER, NEWCOMER & SMILJANICH, PA
ccasper@jameshoyer.com
jestes@jameshoyer.com

Christopher Jayson
JAYSON, FARTHING, SKAFIDAS AND WRIGHT, P.A.
cjayson@jfswlaw.com

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
Jonathan.bont@usdoj.gov

W. William Hodes
THE WILLIAM HODES LAW FIRM
wwh@hodeslaw.com

Alan L. McLaughlin
LITTLER MENDELSON, P.C.
amclaughlin@littler.com

Lawrence J. Carcare, II
INDIANA ATTORNEY GENERAL
Lawrence.Carcare@atg.in.gov


/s/ Lauren C. Sorrell
Lauren C. Sorrell

KD_7370023_3.docx