UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES and STATE OF INDIANA ) <br> ex rel. JUDITH ROBINSON, ) <br> ) <br>       Plaintiffs/Relator, ) <br> ) <br>   v. ) <br> ) <br> INDIANA UNIVERSITY HEALTH, INC., ) <br> f/k/a CLARIAN HEALTH PARTNERS, INC., ) <br> HEALTHNET, INC., and MDWISE, INC. ) <br> ) <br>       Defendants. ) | Case No. 1:13-cv-2009-TWP-MJD |

### RELATOR'S RESPONSE IN OPPOSITION TO MOTION TO STAY DISCOVERY

Relator Dr. Judith Robinson hereby opposes Defendants Indiana University Health, Inc., HealthNet, Inc., and MDwise, Inc.'s Joint Motion to Stay Discovery (Dkt. 101) pending the resolution of Defendants' motions to dismiss.

This Court formally opened discovery on April 21, 2015. Relator served discovery by email to Defendants IU Health and HealthNet on May14, 2015 and to MDwise on June 9, 2015.[1] The discovery responses from IU Health, HealthNet and MDwise are all due on July 13, 2105.[2] None of the Defendants have conferred with Relator regarding the scope or nature of Relator's requests, nor proposed any methods for narrowing or limiting the requests. In the nearly two months since the Court opened discovery, none of the Defendants have served Relator with any discovery requests.

---

[1] Although Defendants raise issues with Relator's service in their Motion, no party has contacted Relator requesting corrected service as of the date of this filing.

[2] Relator agreed to an extension of 14-days from the time this Motion to Stay is decided. However, identifying procedural deficiencies in Defendant's "Notice of Agreed Upon Discovery Extension," this Court determined that the open-ended extension was invalid and instead granted an enlargement of time for Defendants IU Health and HealthNet to respond to Relator's discovery requests through July 13, 2015. Dkt. 104.

On June 15, 2015, all three Defendants filed Motions to Dismiss Relator's complaint. As discussed more fully herein, Relator objects to a complete stay of discovery pending resolution of the motions to dismiss. A stay of discovery is unwarranted given the nature of Defendants' arguments and would compromise the efficient resolution of this case.

### I.     A Stay of Discovery is Improper Pending a Motion to Dismiss on a Non-Threshold Issue.

This Court has extremely broad discretion to control discovery. Fed. R. Civ. P. 26(c)("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…."); *Semien v. Life Ins. Co. of North America*, 436 F.3d 805, 813 (7th Cir.2006). This authority "must be exercised so as to secure the 'just, speedy and inexpensive determination of every action." *Builders Ass'n of Greater Chicago v. City of Chicago,* 170 F.R.D. 435, 437 (N.D.Ill.1996). Although discovery stays are sometimes granted, courts tend to disfavor them because "they bring resolution of the dispute to a standstill." *New England Carpenters Health & Welfare Fund v. Abbott Labs.*, No. 12-C-1662, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013), quoting *Coss v. Playtex Prods., LLC,* No. 08 C 50222, 2009 WL 1455358, at *1 (N.D.Ill. May 21, 2009).

"No general policy dictates a stay of discovery simply because a motion to dismiss has been filed." *Castrillon v. St. Vincent Hosp. and Health Care Center, Inc.*, No. 11-cv-0430, 2011 WL 4538089, at *2 (S.D. Ind. Sept. 29, 2011); *Heckler & Koch, Inc. v. German Sport Guns GmbH*, No. 1:11-CV-1108-SEB-TAB, 2013 WL 2406262, at *6 (S.D. Ind. May 31, 2013)("[A] pending motion to dismiss does not typically warrant a stay of discovery."). A stay of discovery *may be* appropriate when a defendant raises a potentially dispositive threshold issue such as a plaintiff's standing, jurisdiction, or qualified immunity. *Methodist Health Servs. Corp. v. OSF*

2

*Healthcare Sys.*, No. 13-1054, 2004 WL 1797674, at *2 (C.D. Ill. May 6, 2014); *see also Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990)(distinguishing threshold pleading standard from precision or sufficiency of factual allegations). Defendants have not raised any of these threshold defenses in their motions to dismiss.

Rather, Defendants focus their motions primarily on the need for Relator to satisfy her Rule 9(b) pleading obligations without discovery, and the possibility that, if their motions are successful, the need for discovery would be eliminated. "But this is true any time a dispositive motion is filed. Permitting a stay of discovery simply upon the filing of such a motion would allow the exception to swallow the rule." *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007). Defendants' motion amounts to a request that the Court predetermine that Relator has not met her pleading obligations. There are inherent conflicts with such a request.

> [T]aking a 'preliminary peek' and evaluating a pending dispositive motion puts a magistrate judge in an awkward position. The district judge will decide the dispositive motion and may have a different view of the merits of the underlying motion. Thus, this court's "preliminary peek" at the merits of the underlying motion is not intended to prejudge its outcome. Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Fed R. Civ. P.] Rule 1. With Rule 1 as its prime directive, this court must decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case.

*U.S. ex rel. Howard v. Shoshone Paiute Tribes*, No. 2:10-CV-01890-GMN, 2012 WL 2327676, at *4 (D. Nev. June 19, 2012); *New England Carpenters Health & Welfare Fund*, No. 12-C-

1662, 2013 WL 690613, at *2 ("Asking this Court to make a preliminary finding on the likelihood of success on the merits circumvents the usual procedures for ruling on the motions.").

If, however, the Court is inclined to take a preliminary peek at the merits of Defendants' motions to dismiss in the instant case, it is apparent that a stay of discovery is not warranted. A simple review of Dr. Robinson's Amended Complaint shows that it is not a frivolous complaint filed in order to launch a fishing expedition. Instead, the Amended Complaint alleges detailed factual allegations by a senior-level insider employee with personal knowledge of multiple fraudulent schemes, including a financially-motivated plan to use certified nurse midwives to treat high-risk pregnant women in complete disregard of the Indiana Medicaid billing mandate that only physicians treat such patients. Defendants, in their respective motions to dismiss, selectively disregard portions of Relator's Amended Complaint which do not fit into their narrative – for example, ignoring allegations of the express Medicaid billing requirement regarding high-risk pregnant patients, as well as the extensive and specific allegations of the Defendants' knowing and intentional scheme to submit false claims to Medicaid for the treatment of these pregnant women. *See Castrillon*, No. 11-cv-0430, 2011 WL 4538089, at *2 ("Although this magistrate judge does not in any manner intend to predict the ruling on St. Vincent's motion to dismiss, she does observe that some of St. Vincent's arguments appear to rely on a stilted reading of Dr. Castrillon's complaint and thus may trudge uphill."). Thus, even without expressly predicting the outcome of the motions to dismiss, the allegations in Relator's Amended Complaint case plainly direct that justice will more appropriately be served by pressing forward with discovery rather than grinding the proceedings to a halt.

## II. Relator Will be Prejudiced by a Stay of Discovery.

Although Defendants suggest that discovery should be stayed because "even Relator would be harmed" by proceeding with discovery at this juncture, Relator suffers a much greater risk of harm if discovery is stayed. This Court has been unequivocal in its intention to try this matter as presently scheduled in December 2016. The length of time to resolve motions to dismiss can be extensive. Thus, while conducting thorough discovery of three separate corporate entities and adequately preparing for trial in 18 months is already challenging, doing the same in a year or less would be nearly impossible.

Although Defendants claim that discovery at this juncture will cause "an unjustified onerous burden," they have not provided any actual showing of their burden or the costs associated with any anticipated discovery. *New England Carpenters Health & Welfare Fund*, No. 12-C-1662, 2013 WL 690613, at *3. Defendants instead focus on the nature of Relator's requests to argue that the scope would be burdensome and would necessarily involve HIPAA-protected information. These are issues that are appropriately dealt with in conference with the opposing party or in a protective order, not in an all-encompassing stay of discovery. *Syngenta Seeds, Inc*, No. 05 C 6673, 2007 WL 3256848, at *2. Yet, although IU Health and HealthNet have had the discovery requests since May, and MDwise since earlier in June, no efforts have been made to confer with Relator on the requests. For example, the request that Defendants identify as seeking from HealthNet "a report on every birth from January 1, 2007, to the present" is actually, to Relator's understanding, seeking a single electronically-generated report which requires simple output commands into a software system. If Relator is incorrect about the availability of such a report or if there is a less burdensome manner to access comparable

information, Relator is amenable to discussing as much. Cooperative conversations as to the outstanding discovery requests would meet all parties' goals of being efficient and cost-effective while still pressing forward to the impending trial date.

### III. Conclusion

For the reasons set forth here, Relator Dr. Judith Robinson respectfully requests that this Court deny Defendants' Motion to Stay Discovery pending the resolution of the motions to dismiss.

Respectfully submitted this 23rd day of June, 2015,

    /s/ Jillian L. Estes
**Jillian L. Estes**
jestes@jameshoyer.com
**Christopher Casper**
ccasper@jameshoyer.com
JAMES, HOYER, NEWCOMER &
SMILJANICH, P.A.
4830 W. Kennedy Blvd.
One Urban Center, Suite 550
Tampa, FL   33609
Phone: (813) 397-2300
Fax: (813) 397-2310

**Robert E. Saint**
rsaint@ewnc-law.com
Of counsel:
EMSWILLER, WILLIAMS, NOLAND &
CLARKE, P.C.
8500 Keystone Crossing, Suite 500
Indianapolis, IN   46240
Phone: (317) 475-4469
Fax: (317) 257-8787

**Christopher Jayson**
cjayson@jfswlaw.com
JAYSON, FARTHING, SKAFIDAS &
WRIGHT, P.A.
5401 W. Kennedy Blvd., Suite 600

Tampa, FL   33609
Phone: (813) 321-1111
Fax: (813) 321-1112

*Counsel for Relator Dr. Judith Robinson*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically on this 23rd day of June, 2015. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Jillian L. Estes
Jillian L. Estes
