UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES ex rel. Judith Robinson, STATE OF INDIANA, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 1:13-cv-02009-TWP-MJD ) ) |
| INDIANA UNIVERSITY HEALTH INC., HEALTHNET, INC., MDWISE, INC., | ) ) ) ) |
| Defendants. | ) ) |
| JUDITH ROBINSON bringing this action on behalf of the United States of America and the State of Indiana, | ) ) ) ) |
| Relator. | ) ) |

**ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY**

This matter comes before the Court on Defendants' Motion to Stay Discovery. [Dkt. 101.] For the reasons stated below, the Court **DENIES** Defendants' motion.

### I.   Background

On December 19, 2013, Dr. Judith Robinson ("Relator") filed her "Complaint for Violations of the False Claims Act & the Indiana False Claims and Whistleblower Protection Act." [Dkt. 1.] She alleged that Indiana University Health, Inc. ("IU Health") and HealthNet, Inc. ("HealthNet") had violated the False Claims Act ("FCA") by misrepresenting the manner in which they provided medical care to women with high-risk pregnancies. [*See id.*] The Court sealed the case pursuant to 31 U.S.C. § 3730(b)(2), [Dkt. 5], and Relator later amended her complaint to add claims against MDwise, Inc. ("MDwise"). [Dkt. 38.]

1

On March 10, 2015, the Court lifted the seal and ordered Relator to serve the amended complaint on Defendants. [Dkt. 54.] Relator did so, [Dkts. 57, 59 & 60], and each of the Defendants responded with a motion to dismiss. [Dkts. 94, 96 & 98.] Defendants contend that Relator's amended complaint fails to satisfy the heightened pleading standards of Federal Rule of Civil Procedure 9(b), [*see* Dkts. 95, 97 & 99], and Defendants now ask the Court to stay all discovery in this case until the Court resolves their motions to dismiss. [Dkt. 101.]

## II.     Discussion

A court may stay discovery through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c). *See, e.g.*, *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, No. 2:11 CV 265, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012) (citing *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936)); *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"). The party seeking a stay has no absolute right to a stay; rather, that party "bears the burden of proof to show that the Court should exercise its discretion in staying the case[.]" *Cloverleaf Golf Course, Inc. v. FMC Corp.*, No. 11-CV-190-DRH, 2011 WL 2838178, at *2 (S.D. Ill. July 15, 2011) (citing *Indiana State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009)).

To carry its burden, the movant must show that good cause exists for the stay: the good cause determination encompasses factors such as whether the stay will prejudice the non-movant; whether the stay will simplify the issues in the case; and whether the stay will reduce the burden of litigation for the parties or the court. *Fair Oaks Dairy Farms*, 2012 WL 3138108, at *2 (citing *Abbott Laboratories v. Matrix Laboratories, Inc.*, 2009 WL 3719214, *2 (N. D. Ill. 2009)); *see also id.* (emphasis added) (quotation marks and citations omitted) ("**[The Court**

**should] balance interests favoring a stay against interests frustrated by the action in light of the court's paramount obligation to exercise jurisdiction timely in cases properly before it.**"). District courts have "*extremely broad discretion*" in weighing these factors and in deciding whether a stay should issue. *Cloverleaf*, 2011 WL 2838178, at *2 (emphasis original) (citing *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998)).

Defendants in this case contend that good cause exists for a stay of discovery for two reasons. They first argue that a stay will effectuate the purpose of Federal Rule of Civil Procedure 9(b). [Dkt. 101 at 5-6.] They then argue that a stay will relieve them of the undue burden of responding to Relator's expansive discovery requests. [*Id.* at 6-7.]

### A. Purpose of Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires a plaintiff asserting fraud to "state with particularity the circumstances constituting" the fraud. The rule applies to FCA allegations such as those in this case, *see, e.g., U.S. ex rel. Gross v. AIDS Research Alliance-Chicago*, 415 F.3d 601, 604 (7th Cir. 2005), and Relator must accordingly plead the "the who, what, when, where, and how" of Defendants' allegedly false statements. *See id.* at 605. The purpose of this heightened pleading standard is to protect a defendant's reputation from harm; to minimize "strike suits" and "fishing expeditions;" and to provide notice of the claim to the adverse party. *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1327 (7th Cir. 1994) (quoting *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 777 (7th Cir. 1994)).

Defendants seize on this purpose as a basis to stay discovery pending resolution of their motions to dismiss. Rule 9(b), the argument goes, is intended to require **pre-suit** investigation— not a post-suit fishing expedition—and Defendants accordingly note that some courts have described Rule 9(b) as a "gatekeeper" or prerequisite to discovery. [Dkt. 101 at 4 (citing *U.S. ex*

*rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) ("In cases of fraud, Rule 9(b) has long played that screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later."); *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006) (quotation omitted) ("The particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim.")).] Defendants thus argue that no discovery should occur in this case until after Relator has affirmatively demonstrated that she has satisfied the requirements of Rule 9(b) by surviving Defendants' motions to dismiss.

As an initial matter, two of the cases on which Defendants rely, *Grubbs* and *Atkins*, come from outside this circuit, and this Court is accordingly not obligated to follow them. Thus, even assuming that those cases establish a rule that generally forbids discovery pending resolution of a Rule 9(b) motion,[1] this Court may still exercise its discretion to determine that, in this case, no stay is warranted. Moreover, neither *Grubbs* nor *Atkins* specifically addressed whether a stay of discovery was appropriate pending a Rule 9(b) motion to dismiss; instead, their comments about discovery were made only in addressing the merits of the defendants' motions to dismiss. *See Grubbs*, 565 F.3d at 183; *Atkins*, 470 F.3d at 1353. Those remarks thus appear to be dicta, and they are accordingly entitled to less weight than this court might otherwise give them.

Next, Defendants cite *Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1327 (7th Cir. 1994), for the proposition that an FCA "relator must be able to sufficiently plead a cause of action under Rule 9(b) *without* resorting to discovery." [Dkt. 101 at 3 (emphasis original).] This statement reads *Jepson* too broadly. As noted above, the Seventh Circuit in that case did acknowledge that

---

[1] This assumption is at best a narrow one. In *Grubbs*, for instance, the Fifth Circuit specifically noted that although "Rule 9(b) stands as a hurdle preventing discovery when a complaint fails to sufficiently define its claims, it does not do away with discovery altogether by allowing access to discovery only when the complaint already contains all the information necessary to succeed at trial." 565 F.3d at 191.

4

one purpose of Rule 9(b) is to prevent "fishing expeditions," but the court said nothing about the FCA or the propriety of granting a stay pending a motion to dismiss pursuant to Rule 9(b). Moreover, there exists an obvious distinction between 1) allowing a "fishing expedition" and 2) allowing the parties to engage in the usual course of discovery. *See, e.g.*, *Ribble v. Kimberly-Clark Corp.*, 717 F. Supp. 2d 820, 824 (E.D. Wis. 2010) ("[A]llowance of broad discovery is not a fishing license."); *Piacenti v. Gen. Motors Corp.*, 173 F.R.D. 221, 224 (N.D. Ill. 1997) ("The legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery."). The Court may therefore allow discovery in this case to proceed without necessarily allowing the sort of fishing expedition that Rule 9(b) was meant to discourage.

Indeed, the court in *Jepson* emphasized that the plaintiff's complaint in that case was "glaringly deficient" and "completely wanting" in detailed allegations, *Jepson*, 34 F.3d at 1328, such that the plaintiff was indeed seeking to begin a fishing expedition. In this case, in contrast, Relator has set forth an extensive factual background that lends support to her allegations. [*See* Dkt. 38.] Thus, even if the Court ultimately grants Defendants' motions to dismiss, the complaint at issue in this case is not so "glaringly deficient" or "completely wanting" that a stay of discovery must be imposed. Rule 9(b), in other words, may indeed be aimed at preventing "fishing expeditions," *see Jepson*, 34 F.3d at 1327, but Relator's complaint in this case is at least detailed enough to assure that Court that she is not engaged in such an expedition. The Court may therefore deny Defendants' motion without offending the purpose of Rule 9(b).

Defendants next argue that a stay is appropriate because their motions to dismiss pursuant to Rule 9(b) will most likely be granted. [Dkt. 101 at 5.] They present two main reasons that their

5

motions to dismiss will succeed, but, as explained below, Defendants overstate the likelihood that these reasons will result in dismissal.

Defendants first claim that Relator's complaint "has not pled *any* details of *even one* particular claim for payment submitted to the government," [Dkt. 101 at 5 (emphasis original); *see also* Dkt. 113 at 3], with the implication that this failure is fatal to Relator's suit. However, the very case law Defendants cite earlier in their brief acknowledges that an FCA complaint need not make such specific allegations in order to survive a motion to dismiss. *See Grubbs*, 565 F.3d at 190 ("We hold that to plead with particularity the circumstances constituting fraud for a False Claims Act § 3729(a)(1) claim, a relator's complaint, if it cannot allege the details of an actually submitted false claim, may nevertheless survive by alleging particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted."); *accord, e.g.*, *Goldberg v. Rush Univ. Med. Ctr.*, 929 F. Supp. 2d 807, 818 (N.D. Ill. 2013) (same). Thus, even assuming *arguendo* that Relator did not allege the details of any specific transaction, this purported deficiency is no guarantee that Defendants' motions to dismiss will be granted, and this alleged deficiency thus does not present good cause to stay discovery. *See, e.g.*, *Cloverleaf*, 2011 WL 2838178, at *4 (denying motion to stay because, *inter alia*, "[t]he Court cannot presume that the motion to dismiss will be granted").

Defendants then fault Relator for making many of her allegations "upon information and belief." [Dkt. 101 at 5.] They contend that such allegations are inappropriate, as Rule 9 is intended to encourage pre-suit investigation, such that Relator should have more than mere "information and belief" upon which to base her claims. [*See id.*]

Defendants are correct that, as a general rule, a plaintiff cannot plead fraud solely "upon information and belief," but this rule "is not ironclad." *Pirelli Armstrong Tire Corp. Retiree Med.*

6

*Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 443 (7th Cir. 2011). Instead, a plaintiff may plead fraud upon information and belief "so long as (1) the facts constituting the fraud are not accessible to the plaintiff and (2) the plaintiff provides 'the grounds for his suspicions.'" *Id.* (citation omitted). A relator such as Dr. Robinson may plead fraud in the same manner, and so the fact that certain allegations in the amended complaint are made "upon information and belief" is not fatal to Dr. Robinson's claims. *See, e.g.*, *Goldberg*, 929 F. Supp. 2d at 818. ("The Court declines to dismiss the Complaint on the grounds that some paragraphs were pleaded on information and belief."). Again, then, the alleged deficiencies in the amended complaint are not necessarily deficiencies at all, and it would be premature for the Court to assume that Defendants' motions to dismiss will be granted.

In addition, even if Defendants' motions to dismiss **are** granted, this case will likely continue. Defendants have requested that the Court dismiss Relator's claims with prejudice, [Dkt. 95 at 17; Dkt. 97 at 32; Dkt. 99 at 7], but "[i]n general, dismissal for failure to plead with particularity under Rule 9(b) should be without prejudice and with leave to re-plead." *Crichton v. Golden Rule Ins. Co.*, No. CIV.06-264-GPM, 2006 WL 2349961, at *4 (S.D. Ill. Aug. 11, 2006); *see also, e.g.*, *Cloverleaf*, 2011 WL 2838178, at *4 ("[E]ven if defendants' motion to dismiss is successful and the Court concludes relator's claims are insufficient, dismissal, without an opportunity to file an amended complaint, is rare."); *Bernegger v. Washington Mut., F.A.*, No. 07-C-1028, 2008 WL 597811, at *2 n.2 (E.D. Wis. Mar. 3, 2008) ("In general, however, failure to plead with particularity under Rule 9(b) results in dismissal without prejudice."). Thus, even if Relator's currently operative complaint does contain certain defects, Relator will likely have the opportunity to cure those defects, and this case will likely progress. Accordingly, even if Defendants' motions to dismiss are granted, any discovery conducted at this point in the

proceedings will not necessarily be wasted, and precluding that discovery from taking place would only serve to unnecessarily delay the ultimate resolution of this matter. *See Cloverleaf*, 2011 WL 2838178, at *4.

### B. Burden of Discovery

Defendants argue that good cause exists to stay discovery because Relator has served "expansive" discovery requests that would impose an "undue burden" on Defendants. [Dkt. 101 at 6.] They note that many of Relator's requests for production of documents cover a period of more than eight years, [*id.*], and they observe that many of the requests encompass confidential medical information within the scope of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). [*Id.* at 6-7.] They contend that these later requests necessitate potentially burdensome HIPAA compliance procedures, such that a stay of discovery is especially appropriate in this case. [*See id.*]

A party resisting discovery on the basis of undue burden must show with specificity that the discovery requests are issue are objectionable. *See, e.g. Fair Oaks Dairy Farms*, 2012 WL 3138108, at *3 ("Dairy Farms has not pointed to a single discovery request that it alleges would be overly burdensome. . . . Dairy Farms simply states that the discovery would be burdensome and expensive without greater detail. The insufficiencies are fatal to its request."); *Castrillon v. St. Vincent Hosp. & Health Care Ctr., Inc.*, No. 1:11-CV-00430-WTL-DML, 2011 WL 4538089, at *2 (S.D. Ind. Sept. 29, 2011) (declining to impose a stay where "[Defendant's] motion for stay [did] not identify any specific discovery requests that impose an undue burden or expense"); *Bitler Inv. Venture II, LLC v. Marathon Ashland Petroleum LLC*, No. 1:04–CV–477, 2007 WL 1164970, at *4 (N.D. Ind. Apr.18, 2007) (quotation omitted) ("[I]f a party is to resist discovery as unduly burdensome, it must adequately demonstrate the nature and extent of the claimed

burden by making a specific showing as to how disclosure of the requested documents and information would be particularly burdensome."). This showing typically requires affidavits or other evidence supporting a party's assertions of burden. *See, e.g.*, *Jenkins v. White Castle Mgmt. Co.*, No. 12 C 7273, 2014 WL 3809763, at *2 (N.D. Ill. Aug. 4, 2014) ("What is required is affirmative proof in the form of affidavits or record evidence."); *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992) ("An objecting party must specifically establish the nature of any alleged burden, usually by affidavit or other reliable evidence.").

Defendants in this case have not complied with these requirements. Defendants broadly decry the time and expense that they expect will be associated with responding to Relator's requests for production, [Dkt. 101 at 6-7], but they offer no estimate regarding **how much** time or **how much** money will be expended, and they offer no analysis of why such amounts—if quantified—would be disproportionate to the extent of the alleged misconduct in this case. [*See id.*] The only specific request that Defendants have identified as objectionable is one that asks for certain information on every HealthNet birth from January 1, 2007 to the present, [*id.* at 6], but again, Defendants offer no estimate or evidence suggesting how many births may have occurred or how much time would be required to accumulate the requested information. [*See id.*] Defendants may naturally speculate that the number of births or the time required to compile the information would be extensive, but such speculation from Defendants' counsel—without any sort of substantiation—does not establish good cause for staying discovery. *See Fair Oaks Dairy Farms*, 2012 WL 3138108, at *3; *Castrillon*, 2011 WL 4538089, at *2.

Moreover, Relator explains in her response—and Defendants did not dispute in their reply, [*see* Dkt. 113]—that the specific request at issue seeks "a single electronically-generated report which requires simple output commands into a software system." [Dkt. 107 at 5.] The

9

information Relator seeks thus apparently has already been compiled, and the burden of responding to this request appears to be slight. Additionally, if Relator is "incorrect about the availability of such a report or if there is a less burdensome manner to access comparable information, Relator is amendable to discussing as much." [*Id.* at 6.] At this point, then, any burden on Defendants is speculative, and any burden that does materialize may be avoided through discussion with Relator to narrow or amend Relator's discovery requests. Defendants therefore have not demonstrated with specificity that they would face any undue burden in responding to Relator's requests, and the Court accordingly will not stay discovery on the basis of this alleged burden.

      Defendants then argue that Relator herself would suffer little prejudice if a stay were imposed; they contend that, if anything, Relator would actually benefit from a stay by avoiding potentially wasteful discovery. [Dkt. 101 at 7.] This argument, however, overlooks the fact that Relator faces serious pressure to prepare her case in an expeditious manner. The Court has already set deadlines for discovery, for dispositive motions, and for trial, [Dkts. 69 & 82], and the Court—as discussed below—has little inclination to extend these deadlines. Imposing a stay at this point would therefore impair Relator's ability to prepare her case in time to meet these deadlines. *Cf. Fair Oaks Dairy Farms*, 2012 WL 3138108, at *3 ("Absent deadlines, the [plaintiff] will suffer little prejudice from a short stay of discovery."); *Duneland Dialysis LLC v. Anthem Ins. Companies, Inc.*, No. 409-CV-36-RLM-PRC, 2010 WL 1418392, at *3 (N.D. Ind. Apr. 6, 2010) ("Plaintiffs' argument that their ability to timely prepare their case for trial is being jeopardized . . . is also unavailing given that no dispositive motion deadline or trial date has been set in this matter."). Indeed, this prejudice would be especially severe in light of the nature of this case: Defendants themselves emphasize the "complexity of this case" and the "extensive

discovery that will be required" in light of Relators' multifarious allegations, [Dkt. 113 at 3], and Relator thus faces a substantial challenge in preparing her case in time to meet the Court's deadlines. Hence, regardless of Defendants' arguments, a stay at this point would in fact significantly prejudice Relator, and this factor therefore weighs against a stay of discovery.

Moreover, such prejudice to the non-movant is only one facet of the Court's decision regarding whether to grant a stay, as the Court—as noted above—should also consider any prejudice to the judicial system as a whole. *See Fair Oaks Dairy Farms*, 2012 WL 3138108, at *2; *accord, e.g.*, *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citation omitted) ("Before restricting discovery, the court should . . . [take] into account society's interest in furthering 'the truthseeking function' in the particular case before the court."). For two reasons, this factor weighs strongly against granting Defendants' proposed stay.

First, Relator filed this suit on December 19, 2013, [*see* Dkt. 1], but as Defendants themselves note, this case remains "in its infancy." [Dkt. 101 at 1.] This case has thus been pending for more than eighteen months, and the parties have accomplished very little. The Court cannot lightly accept this state of affairs. District courts have an important and inherent authority and obligation to control their calendars and ensure that litigation proceeds expeditiously, *see, e.g.*, *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *see also* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."), and the Court thus prefers to avoid any further delay in the resolution of this case.

Second, Relator's claims plainly address "society's interest in furthering 'the truthseeking function'" of this Court. *Patterson*, 281 F.3d at 681. Plaintiff has alleged a persistent and wide-ranging fraud that, if proven, would establish that Defendants 1) have risked the health of some

of society's most vulnerable members and 2) have defrauded federal and state taxpayers of hundreds of thousands of dollars. [*See* Dkt. 38.] The FCA was specifically designed to "bring such information forward," *Hindo v. Univ. of Health Sciences/The Chicago Med. Sch.*, 65 F.3d 608, 612 (7th Cir. 1995), and staying discovery into Defendants' alleged abuses would therefore impede an important public policy. Thus, regardless of whether the parties themselves would be prejudiced by a stay, the judicial system and society as a whole would be prejudiced, and this factor consequently favors a denial of Defendants' motion.

Finally, Defendants argue that a stay is appropriate because the pending motions to dismiss "raise several dispositive legal issues that could resolve this case in its entirety, or at the very least narrow significantly" the issues before the Court. [Dkt. 101 at 5.] Addressing these issues will allegedly require no discovery, [*id.* at 5-6], and so a stay would conserve both the parties' and the Court's resources by obviating any need to litigate the scope of ultimately unnecessary discovery requests. [*See id.*]

The Court appreciates the desire to avoid unnecessary discovery battles, but this desire typically justifies granting a stay only where a motion to dismiss raises "threshold" issues such as standing, jurisdiction, or qualified immunity. *Methodist Health Servs. Corp. v. OSF Healthcare Sys.*, No. 13-1054, 2014 WL 1797674, at *2 (C.D. Ill. May 6, 2014) (collecting cases). Such issues may, in some cases, justify granting a stay, but this is because a defect such as lack of jurisdiction affirmatively demonstrates that a case "can go nowhere." *Id.* Here, in contrast, Defendants have not raised such "threshold" issues. Their motions to dismiss may raise issues that could be dispositive, but the issues are "not as straightforward as the 'typical' threshold issues so as to be susceptible to an early motion to dismiss." *Id.* This, in turn, makes it less obvious that the motions to dismiss will be granted, such that it is also less likely that any

discovery that occurs will actually be superfluous. Thus, even if Defendants' motions do "raise several dispositive legal issues," [Dkt. 101 at 5], the prospect of those motions resolving this case in its entirety is simply not high enough to justify granting a stay. *See Methodist Health*, 2014 WL 1797674, at *2; *accord, e.g.*, *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007) ("[I]f the court dismisses the petition for any of the three reasons cited, the need for discovery would be eliminated. But this is true any time a dispositive motion is filed. Permitting a stay of discovery simply upon the filing of such a motion would allow the exception to swallow the rule."); *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996) ("[A] motion to stay discovery will not be granted every time a potentially dispositive issue is placed before the court.").

In reply, Defendants attempt to distinguish cases such as *Methodist Health*, [Dkt. 113 at 4-5], and they assert that stays of discovery should not be limited to situations in which a defendant raises standing, jurisdiction, or immunity issues. [Dkt. 113 at 2.] As support, they cite cases such as *U.S. ex rel. Liotine v. CDW-Gov't, Inc.*, No. CIV. 05-033-DRH, 2009 WL 720958, at *2 (S.D. Ill. Mar. 18, 2009), *U.S. ex rel. Glaser v. Wound Care Consultants*, Inc., No. 1:05-CV-573-LJM-WTL, 2007 WL 2934885, at *1 (S.D. Ind. Oct. 5, 2007), and *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, No. 1:03-CV-0680-SEB-WTL, slip op. at 2, at *1 (S.D. Ind. June 21, 2007), each of which involved situations in which the court did in fact stay discovery in an FCA case.

None of these cases provides strong support for Defendants' position. In *Liotine*, the court was able to ameliorate the prejudice to the relator by adjusting the case deadlines to accommodate the stay. 2009 WL 720958, at *2 (citation omitted) ("The current scheduling order sets a discovery deadline of October 20, 2009. That date will be adjusted, if necessary, to allow adequate time for discovery after the motion to dismiss is ruled on."). As described above,

13

however, the Court in this case has little inclination to adjust the case schedule and further delay these proceedings, such that any prejudice to Relator in this case will necessarily be more severe than that encountered by the relator in *Liotine*. Next, the defendants in *Glaser* asserted that dismissal was appropriate because of a jurisdictional defect. *See Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 922 (7th Cir. 2009) ("We therefore affirm the judgment of the district court dismissing the case for lack of subject-matter jurisdiction."). If anything, then, *Glaser* merely supports Relator's position in this case that a stay is most appropriate when a defendant asserts a threshold issue such as jurisdiction. Because Defendants in this case have not done so, it is less appropriate for the Court to stay discovery.

Finally, although the court in *Lusby* did impose a stay, the court acknowledged that the "filing of a motion to dismiss or for judgment on the pleadings certainly does not automatically warrant a stay of discovery, and **in most instances such a stay is not appropriate**." No. 1:03-cv-680-SEB-WTL, slip op. at 1 (emphasis added). In addition, the dispositive motion in that case had been fully briefed at the time that the court imposed the stay. *See id.* at 1-2 ("The motion for judgment on the pleadings is now fully briefed, and the only possible prejudice to Lusby from a stay is a relatively short delay in commencing discovery while the motion pends before the Court."). Here, in contrast, Relator has not yet responded to Defendants' motion, and Relator's response is not even due until July 16, 2015. [*See* Dkt. 108.] The prejudice caused by imposing a stay in this case would thus significantly exceed the prejudice caused by imposing a stay in *Lusby*, such that the decision in *Lusby* offers little support for Defendants' current motion.

In the end, then, the cases that Defendants cite merely confirm that this Court has "extremely broad discretion," [Dkt. 113 at 2 (Defs.' Reply)], in deciding whether to impose a stay. Yes, a stay may be appropriate in some cases involving FCA allegations, and yes, this case

does involve an FCA claim; but the Court finds that the facts of this case are so dissimilar from *Liotine*, *Glaser*, and *Lusby* that a stay is not appropriate. A stay in this case would both prejudice Relator's efforts to prepare for trial and impair this Court's interest in expeditiously resolving this case, and Defendants have not adequately demonstrated that failing to impose a stay would impose any specific burden. In addition, any benefit that may arise from staying discovery pending resolution of Defendants' motions to dismiss is, at best, speculative and uncertain, and the Court accordingly declines to afford such benefit any significant weight in deciding whether a stay is appropriate. As such, the Court finds it best to exercise its broad discretion to **DENY** Defendants' motion for a stay.

### III. Conclusion

For the reasons stated above, the Court **DENIES** Defendants' Motion to Stay Discovery. [Dkt. 101.] Discovery shall proceed in accordance with the Case Management Plan previously entered by the Court. [Dkt. 69.]

Date: 06/30/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

David A. Temple
DREWRY SIMMONS VORNEHM, LLP
dtemple@drewrysimmons.com

Janet A. McSharar
DREWRY SIMMONS VORNEHM, LLP
jmcsharar@DSVlaw.com

Marc A. W. Stearns
DREWRY SIMMONS VORNEHM, LLP
mstearns@dsvlaw.com

Robert E. Saint
EMSWILLER WILLIAMS NOLAND & CLARKE
rsaint@ewnc-law.com

Lawrence J. Carcare, II
INDIANA ATTORNEY GENERAL
Lawrence.Carcare@atg.in.gov

Christopher C Casper
JAMES, HOYER, NEWCOMER & SMILJANICH PA
ccasper@jameshoyer.com

Jillian L. Estes
JAMES, HOYER, NEWCOMER & SMILJANICH, PA
jestes@jameshoyer.com

Christopher Jayson
JAYSON FARTHING SKAFIDAS & WRIGHT, P.A.
cjayson@jfswlaw.com

Heather M. O'Shea
JONES DAY - Chicago
hoshea@jonesday.com

Stephen G. Sozio
JONES DAY - Cleveland
sgsozio@jonesday.com

Laura A. Hartnett
JONES DAY - Columbus
lhartnett@jonesday.com

Deborah J. Daniels
KRIEG DEVAULT LLP
ddaniels@kdlegal.com

Lauren C. Sorrell
KRIEG DEVAULT LLP
lsorrell@kdlegal.com

Marc T. Quigley
KRIEG DEVAULT LLP
mquigley@kdlegal.com

Alan L. McLaughlin
LITTLER MENDELSON, P.C. (Indianapolis)
amclaughlin@littler.com

W. William Hodes
THE WILLIAM HODES LAW FIRM
wwh@hodeslaw.com

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov